IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 3:17-cr-00307-JO |
| ) | |
| v. ) | |
| ) | |
| JOSHUA KANE BRITTON, ) | OPINION AND ORDER |
| ) | |
| ) | |
| Defendant. ) | |

JONES, J.

Defendant Joshua Kane Britton (Britton) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 62. Britton, currently incarcerated at FCI Sheridan, has a projected release date of November 30, 2025. He requests that his sentence be reduced to time served. He claims that his medical conditions (obesity, asthma, a history of smoking, and latent tuberculosis) in light of the COVID-19 pandemic provide extraordinary and compelling reasons for compassionate release. The government opposes his motion. For the reasons that follow, I DENY Britton's motion for compassionate release.

1   Opinion and Order

## BACKGROUND

Britton pleaded guilty to possession with intent to distribute methamphetamine. He has served approximately 50 percent (including good time credits) of his below-guideline-range, 120-month sentence. The government concedes that Britton has exhausted his administrative remedies. He has been fully vaccinated against COVID-19.

## DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). A court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). The Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). And although the policy statement applies only to motions filed by the Bureau of Prison's director and not those filed by a defendant, it "may inform a district court's discretion for §3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

Britton's concern about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces, is understandable. But Britton is 41 years old, and his medical conditions have not resulted in complicated medical issues. He uses an inhaler for asthma as needed and the prison has provided appropriate medical care for him. He does not have serious

physical or medical conditions that "diminish [his ability] to provide self-care." U.S.S.G. 1B1.13(1)(A)(ii).

More importantly, Britton has been thoroughly vaccinated. Although vaccines are not one hundred percent effective, the CDC states that "COVID 19-vaccines are effective. They can keep you from getting and spreading the virus that causes COVID-19." *Benefits of Getting a COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html* (last visited September 13, 2021). Vaccines continue to be highly effective at preventing hospitalization and death, including against [the delta] variant. *Id.* Britton is housed at FCI Sheridan, which currently has 28 inmates infected with COVID-19 out of prison population of 1241. *COVID-19 Cases*, Bureau of Prisons, *https://www.bop.gov/coronavirus/* (last updated Sept. 13, 2021). The Ninth Circuit has ruled that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present "extraordinary and compelling" circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19. *See United States v. Higgins*, 849 F.App'x 215 (9th Cir. 2021); *United States v. Dixon*, 848 F. App'x 332 (9th Cir. 2021); *United States v. Alvarado*, 841 F. App'x 31 (9th Cir. 2021). Furthermore, 1100 of the inmates at FCI Sheridan have been fully vaccinated, an 88 percent vaccination rate. *COVID-19 Vaccination Implementation*, Bureau of Prisons, *https://www.bop.gov/coronavirus/* (last updated Sept. 13, 2021). The Court finds that the circumstances Britton describes do not present an extraordinary and compelling reason to reduce his sentence to time served.

In addition, Britton's release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant, and he has only served about 50 percent of his sentence. At the time of his arrest, Britton was on probation for previous state

3   Opinion and Order

convictions of unlawful delivery of methamphetamine and the assault of a public safety officer. Investigators seized 243 grams of actual methamphetamine, 2.5 pounds of marijuana, approximately 100 vials of marijuana oil, 3 digital scales, and $7,012.00. After his arrest, and while in jail, Britton made a series of shared recorded phone calls to associates asking them to go to his apartment to remove evidence. Presentence Report, ECF No. 56. Britton has prior convictions for theft, possession of a controlled substance, delivery of a controlled substance, burglary, and unlawful possession of methamphetamine. The 120-month sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect the public. As a result, the Court finds that compassionate release is not warranted.

## CONCLUSION

Britton has not demonstrated that his underlying conditions—in combination with the possibility of a COVID-19 infection—provide extraordinary and compelling reasons to grant his motion for compassionate release. A reduction in Britton's sentence is not warranted after considering the sentencing factors under U.S.S.G §3553(a).

Britton's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1) (ECF No. 62) is DENIED.

IT IS SO ORDERED.

Dated the 15th of September, 2021.

Robert E. Jones
Senior United States District Judge

4   Opinion and Order